IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00054-WCM

| | |
|---|---|
| CALVIN JERMAINE NICHOLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> ) | MEMORANDUM OPINION <br> AND ORDER |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 17 & 20.[1]

I. Relevant Background

In October of 2016, Plaintiff Calvin Jermaine Nichols ("Plaintiff") filed an application seeking supplemental security benefits. Transcript of the Administrative Record ("AR") at 198.

On March 1, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR at 12-26. That decision is the Commissioner's final decision for purposes of this action.

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Docs. 15 & 16.

1

## II. ALJ's Findings

The ALJ found that Plaintiff had the severe impairments of borderline intellectual functioning and a learning disability. AR at 17. Additionally, the ALJ found that Plaintiff had "moderate" limitations in the following categories of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. AR at 19-20. The ALJ further found that Plaintiff had the RFC to:

> perform the full range of work at all exertional levels with the following non-exertional limitations: he is incapable of climbing ladders, ropes, and scaffolds; he must avoid all exposure to hazards, including unprotected heights and moving mechanical parts; he is incapable of operating a motor vehicle for work; he is incapable of traveling for work; he is able to understand, remember, and carry out simple instructions and tasks and work at a consistent pace throughout the workday at simple tasks but not at a production rate pace where each task must be completed within a strict time deadline or within high quota demands; he is able to make occasional, simple work-related decisions in a job that involves only occasional changes in a routine work setting; he is able to sustain concentration and persist at simple tasks up to 2 hours at a time with normal breaks during an 8-hour workday; he is capable of occasional, brief interaction with the general public, co-workers, and supervisors; and he would be off-task up to 10% of the workday in addition to regularly scheduled breaks due to the combined effect of his impairments.

AR at 20-21.

Applying this RFC, the ALJ found that Plaintiff could perform representative jobs that existed in significant numbers in the national economy and therefore that Plaintiff had "not been under a disability…since October 20, 2016, the date the application was filed." AR at 25.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ's determination that he has moderate limitations in the functional areas of (1) understanding, remembering, or applying information; and (2) concentrating, persisting, or maintaining pace is not supported by substantial evidence. Additionally, Plaintiff asserts that, when developing Plaintiff's residual functional capacity ("RFC"), the ALJ failed to consider how Plaintiff's limitations affect his ability to sustain work activities on a regular and continuing basis.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at

these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. Plaintiff's Moderate Limitations

With respect to understanding, remembering, or applying information, the ALJ found that Plaintiff had moderate limitations based on Plaintiff's ability to graduate high school "with largely average grades" and a class rank of 145 out of 227, Plaintiff's testimony that he was learning to cook from his

4

grandmother, notes from Goodwill Industries workforce training that showed Plaintiff was making "strides in retaining more information than he had in the past," and a psychological consultative evaluation. AR at 19.

Plaintiff argues that the notes from Goodwill Industries are contradictory (i.e., that some show progress while others do not and indicate that he was washing dishes rather than cooking). Additionally, Plaintiff asserts that information in the record indicates that Plaintiff received a "special education diploma" (rather than graduating).

However, it appears that the ALJ reviewed the entirety of both the Goodwill Industries and school records when making his findings. AR at 22-23. As noted above, it is not appropriate for this Court to reweigh such evidence. The undersigned therefore finds that substantial evidence supports the ALJ's determination that Plaintiff had moderate limitations in the functional area of understanding, remembering, or applying information.

Similarly, when considering Plaintiff's limitations in concentrating, persisting, or maintaining pace, the ALJ cited Plaintiff's ability to graduate from high school, the results of consultative psychological testing, and Plaintiff's testimony that he was able to persist on tasks that he enjoyed doing, such as playing video games for several hours each day. AR at 20. The ALJ reasoned that this combination of evidence indicated that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. The

undersigned also finds that substantial evidence supports this conclusion. See e.g. Wooten v. Berryhill, No. 1:17cv190-DCK, 2018 WL 3014412, at *5 (W.D.N.C. June 15, 2018).

### B. Plaintiff's RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that Plaintiff's RFC sufficiently accounts for his limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v.

Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

Here, Plaintiff argues that the ALJ failed to consider the effect of his moderate limitations on his ability to sustain work for eight hours a day, five days a week. Doc. 17-1 at 9-10. In developing Plaintiff's RFC however, the ALJ relied on Plaintiff's administrative hearing testimony in which Plaintiff affirmatively responded that he believed, if Goodwill was able to find a job for him, he could work on a eight hour a day/five day a week schedule. AR at 23 (citing AR at 42); see also id. (assigning some weight to the testimony of Plaintiff's father but explaining that Plaintiff's father's opinion regarding Plaintiff's ability to work "stands in contrast with the claimant's testimony acknowledging he thinks himself capable of working on a regular and consistent basis if he could find a job"); AR at 24 (Plaintiff's "testimony at the hearing about thinking himself capable of performing work activities eight hours a day five days a week take[s] precedence over these medical opinions").

Accordingly, Plaintiff's RFC includes findings regarding Plaintiff's ability to sustain work such that "[t]he court is not left to guess" at the foundations for these findings. Pegg v. Berryhill, No. 1:16-cv-383-MOC, 2017 WL 3595487, at *3 (W.D.N.C. Aug. 21, 2017); see also Finney v. Berryhill, No. 5:16-cv-188-MR, 2018 WL 1175229, at *5 (W.D.N.C. March 6, 2018) ("where

the ALJ cites specific evidence in the record that supports claimant's ability to work despite her moderate difficulties in concentration, persistence or pace, including specific facts about the claimant's activities of daily living and relevant medical testimony and evidence, this satisfies the requirements of Mascio") (citing Williamson v. Colvin, No. 5:15-cv-70-GCM, 2016 WL 4992101 (W.D.N.C. Sept. 16, 2016), aff'd, Williamson v. Berryhill, 692 F. App'x. 738 (4th Cir. 2017)); see also Plummer v. Astrue, No. 5:11CV006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC"), report and recommendation adopted, No. 5:11-CV-00006-RLV, 2012 WL 1858844 (W.D.N.C. May 22, 2012), aff'd, 487 Fed. App'x 795 (4th Cir. 2012).

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**, and the Commissioner's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

Signed: June 3, 2021

W. Carleton Metcalf
United States Magistrate Judge